UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAURICE WAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2260** |
| **WARDEN WINDHAM** | **SECTION "E"(3)** |

## REPORT AND RECOMMENDATION

Petitioner filed this application pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Louisiana, and the matter was subsequently transferred to this Court. On November 3, 2014, the undersigned issued an order directing that, on or before November 21, 2014, petitioner either pay the required filing fee or submit an application to proceed *in forma pauperis*. Petitioner was warned that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed. Rec. Doc. 5. Petitioner did not comply with that order.

Because petitioner neither paid the filing fee nor submitted an application to proceed *in forma pauperis*, his petition was not properly filed. See Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, it should be dismissed on that basis. See, e.g., Searls v. Cain, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's federal application for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** because he has neither paid the required filing fee nor requested and been granted permission to proceed *in forma pauperis*.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this twenty-fifth day of November, 2014.

                                                                                                                **DANIEL E. KNOWLES, III**
                                                                                                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.